# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No.: 8:22-cr-252-WFJ-SPF

JOSE JAVIER GALVAN
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Jose Javier Galvan, USM#: 16266-510, moves (Dkt. 131) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 17, 2023, Jose Javier Galvan was sentenced to 78 months in prison under 21 U.S.C. § 846 and 841(b)(1)(A) for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. Mr. Galvan's total offense level was 29, the Court having found an aggravated role was not warranted, which made him safety valve eligible. He was assessed no criminal history points, and his criminal history was category I. Mr. Galvan's advisory sentencing range was 87-108 months, and he received a sentence below the guidelines range after the Court varied downward two levels based on Defendant's drug and alcohol dependence and his status as a non-violent offender. Defendant accepted

responsibility and pled guilty pursuant to a written plea agreement.  The Bureau of Prisons reports that his projected release is March 14, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Jose Javier Galvan is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 27 and reduces his advisory sentencing range to 70-87.

The Federal Defender appears, confirms Mr. Galvan's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (an 8-month reduction in sentence), which is at the bottom of the amended guideline range. Defendant suffered financial hardships growing up, and he started work at the age of 13 in landscaping to help support his family.  Although he is a United States citizen, he does not speak English.  Counsel requests consideration of post-sentencing conduct in determining whether a reduction is warranted.  U.S.S.G. 1B1.10, comment. (n.1(B)(iii)).  Counsel argues Defendant has done well during his incarceration—he engages in educational programming and has only one

3

disciplinary violation of possessing a hazardous tool, which in this case was a cell phone he used to talk to his family. Dkt. 128 at 3.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a large drug conspiracy case where Movant and others planned to import methamphetamine from Guadalajara, Mexico, to sell in the United States. Movant drove from Atlanta, Georgia, to Temple Terrace, Florida, to collect payment due for the anticipated delivery of methamphetamine. Movant collected $11,400.00 from an undercover officer at a Mexican restaurant in the Middle District of Florida. One week later, Movant's co-defendant drove from Atlanta to Florida to make the delivery, and he was arrested with packages in his vehicle containing 4.9 kilograms of methamphetamine.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. The sentence he received is the just and proper one. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, his post-incarceration violation does not support a reduction.

Mr. Jose Javier Galvan's motion (Dkt. 131) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 25, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**